IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN RAMIREZ,

    Petitioner,        No. CIV S-06-0632 LKK DAD P

  vs.

UNKNOWN, et al.,

    Respondents.      <u>ORDER</u>

_____/

        Petitioner, a state prisoner at the California Correctional Institute, has filed a letter with the court requesting an extension of time in which to file his writ of habeas corpus. No other pleadings have been filed by the petitioner. In order to commence an action, petitioner must file a petition for writ of habeas corpus as required under Rule 3 of the Federal Rules of Civil Procedure. Petitioner must also either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying any relief requested until an action has been properly commenced by petitioner.[1]  Therefore, petitioner's request will be denied.

---

[1] Of course, the court lacks authority to extend the one year statute of limitations for filing a habeas petition when no petition has been filed with the court.

1

Petitioner is advised to promptly file his habeas petition using the form petition provided by the court. Petitioner is not required to submit a brief or legal arguments in support of his petition, but he must answer each question in the form petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's March 24, 2006 request for an extension of time to file his writ of habeas corpus is denied;

2. Within thirty days from the date of service of this order[2], petitioner shall file his petition for a writ of habeas corpus, using the form petition provided by the Clerk of the Court, and the petition must bear the docket number assigned this case. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

/////

---

[2] This date is set for the court's administrative purposes and does not reflect any deadline with respect to the applicable statute of limitations purposes. Moreover, petitioner is cautioned that pursuant to 28 U.S.C. § 2244(d)(1), the one year statute of limitations runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3.  The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

DATED: March 31, 2006.

　　　　　　　　　　　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
rami0632.nopetition